# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 2:14-bk-57719 |
| | : | |
| **George Dib Haber** | : | Chapter 7 (Judge Preston) |
| **5317 Agate Place** | : | |
| **Lewis Center, Ohio 43035** | : | |
| | : | SSN# xxx.xx.1655 |
| Debtor. | : | |

| | | |
|---|---|---|
| **George Dib Haber** | : | |
| **5317 Agate Place** | : | |
| **Lewis Center, Ohio 43035** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Adv. Pro. No. 2:15-ap-02202 |
| **Clyde C. Hardesty, Chapter 7 Trustee** | : | |
| **1763 Bryn Mawr Circle** | : | |
| **Newark, Ohio 43055** | : | |
| | : | |
| Defendant. | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT CLYDE HARDESTY, TRUSTEE**

Now comes Defendant Clyde C. Hardesty, Trustee, by and through counsel, and hereby responds to the allegations of Plaintiff George Dib Haber's Complaint as follows:

1. Defendant denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. In response to the allegations in Paragraph 7 of Plaintiff's Complaint, Defendant states that Defendant scheduled a "House and lot located at 5317 Agate Place, Lewis Center, OH 43035". Responding further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Defendant admits Creditor Home Ally Financial II LLC filed its motion and amended motion for relief from stay as alleged in Paragraph 8 of Plaintiff's Complaint but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint to the extent it refers to the "House and lot located at 5317 Agate Place, Lewis Center, OH 43035" but denies any other allegation therein.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint to the extent the abandonment refers to the "House and lot located at 5317 Agate Place, Lewis Center,

OH 43035" but denies abandoning the personal property proceeds arising from the foreclosure sale.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

14. Plaintiff's claim is barred by res judicata and/or Plaintiff's failure to pursue his state court remedies by failing to appeal the adverse decision rendered in the case of *Home Ally Financial LLC v. Haber, et al*, Delaware Common Pleas Court Case #14 CV E 020141.

15. Debtor George Haber failed to schedule, disclose or identify the personal property proceeds of $80,311.15 in his bankruptcy and thus is not entitled to retain such property.

16. Plaintiff's claim is barred by defense of waiver and/or res judicata resulting from his claim for exemption (Doc #70) and hearing held on October 22, 2015 since he has acknowledged as a matter of law that the personal property proceeds are property of the estate pursuant to 11 U.S.C. §522(b)(1).

17. Plaintiff's claim fails to state a claim upon which relief may be granted.

18. The personal property foreclosure proceeds arose from an avoided consensual lien aka mortgage with Debtor, not from equity preserved against creditors arising from the real estate, and thus are proceeds of the estate.

19. Defendant lacks capacity to be sued as Plaintiff failed to obtain leave of Court prior to bring suit against Defendant Trustee in violation of federal common law, *Barton v. Barbour*, 104 U.S.126 (1881), and *Helmer v. Pogue*, 2012 U.S. Dist. LEXIS 151262.

20. This Court lacks jurisdiction as Plaintiff failed to obtain leave of Court prior to bring suit against Defendant Trustee in violation of federal common law, *Barton v. Barbour*, 104 U.S.126 (1881), and *Helmer v. Pogue*, 2012 U.S. Dist. LEXIS 151262.

21. Plaintiff's claim for relief is barred by the defenses of estoppel and laches,

## COUNTERCLAIM
## (DECLARATORY JUDGMENT)

22. On November 3, 2014, Plaintiff filed for Chapter 13 Bankruptcy, which was converted to a Chapter 7 on January 7, 2015, Case No. 2:14-bk-57719 (the "Bankruptcy Case").

23. In his Petition, Plaintiff scheduled a house and lot located at 5317 Agate Place, Lewis Center, Ohio 43035 (the "Property").

24. In his original Petition, Plaintiff did not claim the Property as exempt on his Schedule C.

25. Plaintiff did not schedule or disclose to Defendant the personal property proceeds of $80,311.15.

26. Defendant filed an Abandonment of the Property on February 25, 2015, on the basis that there was no equity left in the Property to benefit the unsecured creditor Home Ally as its Motion represented the liens on the property far exceeded its value.

27. On April 15, 2015, Plaintiff received his discharged, and on May 7, 2015, the Bankruptcy Case was closed.

28. Prior to Plaintiff filing his Petition, on February 20, 2015, Home Ally Financial, LLC, filed a foreclosure related to the Property in Delaware County Court of Common Pleas, Case No. 14 CV E §020141 (the "Foreclosure Case").

29. Plaintiff did not file an Answer in the Foreclosure Case, and the Court of Common Pleas entered its Judgment and Decree in Foreclosure on July 25, 2014.

30. Plaintiff did not assert or claim a homestead exemption under Ohio law in the Foreclosure.

31. The Foreclosure Sale took place on April 15, 2015, and the Property was sold to Raymond Financial Services, Inc. for $320,000.00.

32. The Foreclosure Sale resulted in the creation of personal property proceeds of $80,311.15 (the Foreclosure Surplus).

33. On May 11, 2015, the Court of Common Pleas entered a Judgment Entry advising that the balance of the foreclosure proceeds from the Foreclosure Sale had been deposited with the Clerk of Courts and stating that any party may show cause as to why the Foreclosure Surplus should not be distributed to Plaintiff.

34. Between May 11, 2015 and May 18, 2015, Plaintiff learned that there was a surplus from the proceeds of the foreclosure sale in the amount of $80,311.15.

35. On May 18, 2015 Plaintiff filed a Motion to Reconsider Judgment Entry seeking to set aside the confirmation entry in order for Plaintiff to seek a homestead allowance from the Proceeds.

36. On May 19, 2015, Defendant learned that there was a surplus from the proceeds of the foreclosure sale in the amount of $80,311.15.

37. On May 22, 2015, Defendant, through counsel, filed a Motion to Intervene and Motion to Disburse Foreclosure Proceeds to Trustee with the Court of Common Pleas.

38. On July 13, 2015, the Court of Common Pleas issued an Entry finding that Defendant was entitled to the Foreclosure Surplus, and also finding that Plaintiff failed to timely claim a Homestead Exemption in the Foreclosure Case.

39. Plaintiff did not appeal the Court's decision in the Foreclosure Case.

40. On June 9, 2015, after the Bankruptcy Case was reopened, Plaintiff filed an Amended Schedule C to claim a Homestead Exemption in the Property.

41. On August 20, 2015, Defendant filed an Objection to Claim of Exemption with respect to the Foreclosure Surplus.

42. The Debtor has not scheduled the Foreclosure Surplus.

43. The Foreclosure Surplus is personal property that arose after the sale, has never been abandoned by the Trustee and are assets of the Bankruptcy Estate pursuant to 11 U.S.C. §554(d).

44. Plaintiff's claims to the Foreclosure Surplus are barred by Debtor's waiver and/or *res judicata* resulting from his claim for exemption (Doc # 70) and hearing held on October 22, 2015 since he has acknowledged as a matter of law that the personal property proceeds are property of the estate pursuant to 11 U.S.C. §522(b)(1), as there is no need to claim an exemption in non-Estate assets.

45.     Plaintiff has waived his right to the Homestead exemption in the Foreclosure Surplus under Ohio law since it was not raised in the Foreclosure prior to the Foreclosure Sale.

46.     Defendant is entitled to a finding that any claim to the Foreclosure Surplus by Debtor is barred by the doctrine of *res judicata* with respect the Court of Common Pleas' finding that Plaintiff waived his right to the Homestead exemption and that the Foreclosure Surplus is an asset of the Bankruptcy Estate.

**WHEREFORE**, Defendant Clyde C. Hardesty, Trustee, demands the following relief:

I.      That Plaintiff's Complaint be dismissed with prejudice;

II.     That the Court enter a Declaratory Judgment that determining that Defendant Case Trustee Clyde Hardesty is entitled to the Foreclosure Surplus; and

III.    That the Court award Defendant court costs and any other relief which is equitable and just.

/s/ Mark W. Stubbins
Mark W. Stubbins (0016280)
Brent A. Stubbins (0016326)
Grant J. Stubbins (0090768)
Stubbins, Watson & Bryan, Co., L.P.A.
59 North 4th Street
Zanesville, Ohio 43702-1110
(740) 452-8484
(740) 455-4124 FAX
Case Attorney for Case Trustee
mstubbins@zanesville.law.pro

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on November 6, 2015, the foregoing **ANSWER AND COUNTERCLAIM OF DEFENDANT CLYDE HARDESTY, TRUSTEE**, was served electronically through the Court's ECF system at the email address registered with the on:

- Michael A Cox

and by regular U.S. Mail upon the Debtor(s) and all parties in interest listed below:

George Dib Haber
5317 Agate Place
Lewis Center, Oh 43035

United States Trustee
170 North High Street
Columbus, OH 43215

                                              /s/Brent A. Stubbins
                                              Brent A. Stubbins (0016326)
                                              Case Attorney for Case Trustee